IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| DEBORAH SUSAN MESSNER a/k/a DEBORAH SUSAN GASKILL | BANKRUPTCY NO. 09-13701(JKF) |
| Debtor | |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee for the Estate of Deborah Susan Messner a/k/a Deborah Susan Gaskill | |
| Plaintiff | |
| v. | ADVERSARY NO. 09-349(JKF) |
| BARBIERI AND ASSOCIATES | |
| Defendant | |

**CONSENT ORDER RESOLVING (1) COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AGAINST BARBIERI AND ASSOCIATES AND (2) COUNSTERCLAIM ASSERTED BY BARBIERI AND ASSOCIATES AGAINST THE CHAPTER 7 TRUSTEE**

**THIS CONSENT ORDER** (the "Consent Order"), by and between Christine C. Shubert, Esquire, Chapter 7 Trustee (the "Trustee") for the estate of Deborah Susan Messner (the "Debtor") and the plaintiff herein (the "Plaintiff"), by and through her counsel, Maschmeyer Karalis P.C., and Barbieri and Associates, the defendant herein (the "Defendant").

**BACKGROUND**

A.   On May 19, 2009 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

B.   On May 20, 2009, the Trustee was appointed and is so acting.

C.  On November 10, 2009, the Trustee filed a complaint (the "Complaint") against the Defendant seeking the return of certain funds (the "Funds") in the amount of $22,000.00 pursuant to the provisions of 11 U.S.C. §§ 547 and 550.

D.  On November 16, 2009, the Defendant filed an answer to the Complaint and a counterclaim (the "Counterclaim") against the Plaintiff.

E.  The Funds originated from a Qualified Domestic Relations Order creating an Individual Retirement Account (the "IRA") for the Debtor.

F.  As the Funds were transferred out of the IRA to the Defendant, the Funds lost their status as exempt assets upon receipt by the Defendant.

G.  As such, the holding and reasoning of Rousey v. Jacoway, 544 U.S. 320 (2005) is not applicable.

**NOW, THEREFORE,** the foregoing Background being incorporated herein and made a part hereof, and with the agreement of the parties, it is hereby **ORDERED** as follows:

1.  The Defendant shall turnover to the Plaintiff the sum of $22,000.00 (the "Settlement Amount") in full and final satisfaction of the causes of action asserted in the Complaint[1].

2.  The Counterclaim is hereby dismissed with prejudice.

3.  No term or provision of this Consent Order may be varied, changed, modified, waived, discharged or terminated orally, but only by an instrument in writing signed by

---

[1] The Plaintiff acknowledges receipt of a check from the Defendant representing the Settlement Amount.

the party against whom the enforcement of the variation, change, modification, waiver, discharge or termination is sought, and approved by an order of the Court.

BY THE COURT:

_____ 2/02/10
HONORABLE JEAN K. FITZSIMON,
UNITED STATES BANKRUPTCY JUDGE

CONSENT IS HEREBY GIVEN
TO THE FORM, SUBSTANCE AND
ENTRY OF THE WITHIN ORDER:

MASCHMEYER KARALIS P.C.

By:_____
Paul B. Maschmeyer, Esquire
Robert W. Seitzer, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Plaintiff/Trustee

BARBIERI AND ASSOCIATES

By:_____
Pietro A. Barbieri, Esquire
657 Exton Commons
Exton, PA 19341
(610) 280-7078
Attorneys for the Defendant